UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVAN R. LANIGAN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:25-CV-01591 SPM |
| TERI VANDERGRIFF, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER OF TRANSFER

Petitioner, who is presently incarcerated at Farmington Correctional Center (FCC) in St. Francois County, Missouri, filed a signed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

In March 2021, petitioner was charged with assault or attempted assault in the first degree, armed criminal action, three counts of unlawful use of a weapon/exhibiting, felony murder in the second degree and tampering with physical evidence in a felony prosecution in the Circuit Court of Johnson County, Missouri. *State v. Lanigan,* No. 21JO-CR00165-01 (17th Jud. Cir., Johnson County Court). On June 14, 2021, petitioner pled guilty and was sentenced to assault in the second degree, armed criminal action and tampering with physical evidence in a felony prosecution and was sentenced to a total term of imprisonment of eleven years in the Missouri Department of Corrections. *Id.* This is the judgment petitioner challenges in his § 2254 action currently before the Court.

Johnson County is in the Western District of Missouri. 28 U.S.C. § 105(b)(1). FCC, where petitioner is currently incarcerated, is in the Eastern District of Missouri. 28 U.S.C. § 105(a)(1). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the

Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

Dated this 29th day of October, 2025.

                                                      */s/ Henry Edward Autrey*
                                              HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE